IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LEROY MARTINEZ,

    Plaintiff,

v.                                                                              No. CV 18-1170 MV/CG

JOHN GARCIA, et al.,

    Defendants.

## ORDER ON PENDING MOTIONS

**THIS MATTER** is before the Court on Plaintiff Leroy Martinez' *Motion for Appointment of Counsel*, (Doc. 3), filed December 12, 2018; *Second Motion for Appointment of Counsel*, (Doc. 6), filed January 8, 2019; *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 7), filed April 23, 2019; and *Request for Telephonic Hearing*, (Doc. 13), filed June 12, 2019. Having reviewed the Motions, the Court will **GRANT** Mr. Martinez' *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 7), and will **DENY** the *Motions for Appointment of Counsel*, (Doc. 3), (Doc. 6), and *Request for Telephonic Hearing*, (Doc. 13).

    **I.**     **Motions for Appointment of Counsel**

There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir.2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir.1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393

1

F.3d 1111, 1115 (10th Cir.2004). The Court has reviewed the Complaint and subsequent filings in light of the foregoing factors. Mr. Martinez appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny Mr. Martinez' *Motions for Appointment of Counsel*, (Doc. 3), (Doc. 6).

## II. Application to Proceed in District Court Without Prepaying Fees or Costs

Next, Mr. Martinez seeks leave to proceed under 28 U.S.C. § 1915 without prepaying fees or costs. (Doc. 7). Because the Court grants the application, the filing fee for this civil rights Complaint is $350.00. Based on the information about Mr. Martinez' financial status, (Doc. 7), the Court will waive an initial partial payment pursuant to § 1915(b)(1). Mr. Martinez is still required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Mr. Martinez must file monthly financial certificates and make monthly payments of twenty percent (20%) of the preceding month's income credited to his account until the fee is paid or show cause why the payment should be excused. Failure to comply with this Order may result in dismissal of the Complaint without further notice.

## III. Request for Telephonic Hearing

Finally, because Mr. Martinez is a prisoner proceeding *pro se*, the Court is obligated to conduct a preliminary screening of the Complaint. *See* 28 U.S.C. § 1915A. Indeed, whenever a prisoner brings a civil action against government officials, the Court is obligated to screen the prisoner's complaint or petition. 28 U.S.C. § 1915A. Specifically, section 1915A states:

The court shall review, before docketing, if feasible or, in any event, as

> soon as practicable after docketing, a complaint in a civil action in
> which a prisoner seeks redress from a governmental entity or officer
> or employee of a governmental entity.
>   . . .
> On review, the court shall identify cognizable claims or dismiss the
> complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from
> such relief.

28 U.S.C. § 1915A(a) and (b). The Court has a similar obligation to screen the complaint when a *pro se* plaintiff is proceeding without prepayment of fees and costs under 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune
>     from such relief.

The Court is still conducting its preliminary screening of Mr. Martinez' Complaint. As such, the Court will deny Mr. Martinez' *Request for Telephonic Hearing*, (Doc. 13), as premature.

In addition, Mr. Martinez is reminded that any request to the Court for relief must be in the form of a motion. Fed. R. Civ. P. 7(b). The filing of excessive motions may cause substantial delay in completion of the Court's preliminary screening and resolution of the case. Mr. Martinez should avoid filing unnecessary motions. Requests for service of process, discovery, submissions of proof, hearings, or conferences are premature and unavailable prior to the Court's completion of its screening obligation. *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007). If Mr. Martinez' Complaint is not

dismissed on initial screening, the Court will enter further orders governing service of process, discovery, and scheduling.

It is further noted that Mr. Martinez must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and any Order of the Court. Failure to comply with the Rules or Court Orders may result in dismissal of this case or other sanctions. Fed. R. Civ. P. 41(b); *see, also, Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994). Mr. Martinez is obligated to keep the Court advised of any changes in his mailing address. Failure to keep the Court informed of Mr. Martinez' correct address may also result in dismissal of the case or other sanctions. D.N.M. LR-Civ. 83.6. Mr. Martinez should not send any letters to the Court other than transmittal letters or requests for information or copies. All mail relating to this case must be directed to the Clerk of the Court. Mr. Martinez is not to send any mail directly to the assigned District Judge or the assigned Magistrate Judge.

In summary, **IT IS HEREBY ORDERED**:

(1)  Mr. Martinez' *Motions for Appointment of Counsel*, (Doc. 3), (Doc. 6) are **DENIED**;

(2) Mr. Martinez' *Application to Proceed in District Court Without Prepaying Fees or Costs*, (Doc. 7), is **GRANTED** and the initial payment is **WAIVED**.

Mr. Martinez must file monthly financial certificates and make monthly payments of twenty percent (20%) of the preceding month's income credited to his account until the fee is paid or show cause why the payment should be excused, and the Clerk is directed to provide Mr. Martinez with two copies of the post-filing financial certificate; and

(3) Mr. Martinez' *Request for Telephonic Hearing*, (Doc. 13) is **DENIED** as premature.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE